ORIGINAL

6- ISSUED TO ATTORNEY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

2006 MY -5 PM 1:17

CLERK U.S. DISTRICT
NORTHERN DIST OHIO

| | |
|---|---|
| TERRENCE McKINNEY, ) | Case No. **3:06CV1127** |
| ) | |
| Plaintiff, ) | Judge **JUDGE JAMES G. CARR** |
| ) | |
| V. ) | Magistrate _____ |
| ) | |
| ) | |
| ANDREW BRYSON, in his individual ) | |
| capacity; ) | |
| Marion Juvenile Correctional Facility ) | |
| 332 Marion Williamsport Road ) | |
| Marion, Ohio 43302 ) | |
|         And ) | |
| ) | |
| KEITH CLARK, in his individual ) | CIVIL COMPLAINT FOR |
| capacity; ) | |
| Marion Juvenile Correctional Facility ) | COMPENSATORY AND |
| 332 Marion Williamsport Road ) | PUNITIVE DAMAGES |
| Marion, Ohio 43302 ) | |
| ) | |
| ) | |
|         And ) | |
| ) | |
| GREGORY SMITH, in his individual ) | |
| capacity, ) | JURY DEMAND ENDORSED |
| Marion Juvenile Correctional Facility ) | HEREON |
| 332 Marion Williamsport Road ) | |
| Marion, Ohio 43302 ) | |
| | |
|         And | |
| MARVIN STOKES, in his individual capacity, | |
| Marion Juvenile Correctional Facility | |
| 332 Marion Williamsport Road | |
| Marion, Ohio 43302 | |
| | |
|         And | |

1

DON DYER, in his individual capacity,
Marion Juvenile Correctional Facility
332 Marion Williamsport Road
Marion, Ohio 43302

    And
HAROLD T. SANDERS, in his individual capacity,
Marion Juvenile Correctional Facility
332 Marion Williamsport Road
Marion, Ohio 43302

## INTRODUCTION

1.    This is a civil rights action under 42 U.S.C. §1983 on behalf of Terrence McKinney alleging a violation of constitutional rights. Mr.McKinney, on October 14, 2004, was physically assaulted by Juvenile Correctional Officers and Juvenile Correctional Staff at Marion Juvenile Correctional Facility because of reckless disregard for his rights by employees of the State of Ohio. The complaint seeks compensatory and punitive damages.

## JURISDICTION AND VENUE

2.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343.

3.    The Court has venue over this action pursuant to 28 U.S.C. § 1391 and Local Rule 3.8( c) because Terrence McKinney and some if not all of the defendants reside in the Northern District of Ohio, and because the events relevant to the claims herein occurred in Marion County, Ohio.

## PARTIES

4.     Terrence McKinney, the plaintiff herein, was, in October 2004, a juvenile residing in the Marion Correctional Facility, situated in Marion County, Ohio. Plaintiff, Terrence McKinney, is currently residing in Youngstown, Ohio.

5.     Defendant Andrew Bryson was at all times relevant herein a Juvenile Correctional Officer at the Marion Juvenile Correctional Facility

6.     Defendant Keith Clark was at all times relevant herein a Juvenile Correctional Officer at the Marion Juvenile Correctional Facility

7.     Defendant Gregory Smith was at all times relevant herein a Juvenile Correctional Officer at the Marion Juvenile Correctional Facility

8.     Defendant Marvin Stokes was at all times relevant herein a Juvenile Correctional Officer at Marion Juvenile Correctional Facility.

9.     Defendant Don Dyer was at al times relevant herein a Juvenile Correctional Officer at Marion Juvenile Correctional Facility.

10.    Defendant Harold T. Sanders was at all times relevant herein a Juvenile Correctional Operations Manager at Marion Juvenile Correctional Facility.

11.    The defendants are sued in their individual capacities as specified for each in the caption of the case and have acted under the color of state law at all times relevant to this complaint.

## FACTS

12. The defendants, all officials or entities of the State of Ohio, were in charge of the care and custody of Terrence McKinney in October 2004. As he was a juvenile and a prisoner, they owed him a special duty of care for his well being.

13. On the evening of October 14, 2004, about 11:20 P.M., Plaintiff was confined to his assigned cell.

14. Plaintiff began yelling and kicking his door because correctional staff were refusing to allow him to use the restroom facilities. Other youth had been yelling and kicking during this same time period. It was a pattern and practice on this unit of Marion Juvenile Correctional Facility to refuse use of the restroom facilities to youth during the evening hours. On some occasions, Plaintiff was forced to urinate into a rubber glove.

15. Other youth on the unit had managed to kick their respective cell doors open, and were running around the unit.

16. During this entire time period, Plaintiff was secure in his room, and his cell door was locked.

17. Operations Manager Harold T. Sanders determined that it was appropriate to open Plaintiff's cell door and require the Plaintiff submit to instructions. Plaintiff was at this time sitting on his bed.

18. Operations Manager Harold T. Sanders ordered Plaintiff to submit to handcuffs. Several other Juvenile Correctional Officers entered the cell with Operations Manager Harold T. Sanders, namely JCOs A. Bryson, G. Smith, K. Clark, D. Dyer, and M. Stokes.

19. Plaintiff refused to submit to handcuffs and restraint. Prior to the opening of his cell door, Plaintiff was secure in his cell and had stopped yelling and kicking at his door.

20. Operations Manager Sanders instructed Correctional Staff to take Plaintiff "down". Correctional Staff employed a major use of force to control Plaintiff.

21. During the course of the restraint, Plaintiff was grabbed around the neck from behind by staff and choked until he was unconscious. Correctional Staff also grabbed Plaintiff by the arms and legs and took him to the ground. At the time of the incident, Plaintiff was not aware of the names of all of the staff involved in the restraint due to his being rendered unconscious, however, the Juvenile Correctional Officers and Juvenile Operations Manager involved have subsequently been identified.

22. The use of force by Correctional Staff was so substantial that Plaintiff had to be carried from his cell unconscious. Plaintiff was also foaming from his mouth.

23. Also during the course of the restraint, Plaintiff was hit in the eye by the correctional staff involved with the use of force and suffered swelling around his eye.

24. Plaintiff regained consciousness briefly during the restraint, but lost consciousness again because staff still had an arm around Plaintiff's neck.

25. Plaintiff required medical attention due to the injuries inflicted upon his person by Defendants.

26. Plaintiff still suffers from the injuries inflicted by Juvenile Correctional Staff at Marion Juvenile Correctional Facility.

## GRIEVANCES AND EXHAUSTION

27.     On October 16, 2004, Plaintiff McKinney filed a grievance against Juvenile Correctional Facility staff alleging unnecessary and excessive use of force with respect to the October 14, 2004 incident at Marion Juvenile Correctional Facility, Marion Ohio. At the time, Plaintiff was unable to name staff involved due to his being rendered unconscious by excessive force used by the correctional staff. Plaintiff has subsequently learned the names of the Juvenile Correctional Facility staff involved and has named these persons in the complaint.

28.     The grievance against Juvenile Correctional Facility staff alleging unnecessary and excessive use of force with respect to the October 14, 2004 incident at Marion Juvenile Correctional Facility, Marion Ohio was granted and it was determined that the allegations contained in the grievance were founded. The Superintendent concurred with the findings of the investigation and the grievance on November 2, 2004.

29.     Plaintiff was not satisfied with the response to the grievance and appealed to the Chief Inspector's Office on November 3, 2004.

30.     On January 4, 2005, the Chief Inspector's Office informed Plaintiff that he concurred with the findings of the investigative committee and the granting of the grievance.

31.     Plaintiff has exhausted all available administrative remedies as to Defendant Bryson as required by 42 USC § 1997 e.

6

32. Plaintiff has exhausted all available administrative remedies as to Defendant Clark as required by 42 USC § 1997 e.

33. Plaintiff has exhausted all available administrative remedies as to Defendant Smith as required by 42 USC § 1997 e.

34. Plaintiff has exhausted all available administrative remedies as to Defendant Stokes as required by 42 USC § 1997 e.

35. Plaintiff has exhausted all available administrative remedies as to Defendant Dyer as required by 42 USC § 1997 e.

36. Plaintiff has exhausted all available administrative remedies as to Defendant Sanders as required by 42 USC § 1997 e.

37. A copy of the grievance form filed by Plaintiff containing the grievances against the six named defendants and the subsequent response by the Chief Inspector is attached to the complaint.

## COUNT ONE

38. By physically assaulting and using unnecessary and excessive force against Plaintiff, Defendants Bryson, Clark, Smith, Stokes, Dyer and Sanders deprived Plaintiff McKinney of his right to be free from unjustified infliction of bodily harm under the Eighth and Fourteenth Amendment to the United States Constitution. This claim is brought directly under the Constitution of the United States, as well as through 42 U.S.C. § 1983 because the Defendants were acting under the color of state law.

**WHEREFORE**, Mr. McKinney demands judgment from each of the defendants and from all of them as follows:

    (a)    compensatory damages in such amount as may be awarded at trial;

    (b)    punitive damages sufficient to express the indignation and outrage of the community toward the conduct of the defendants;

    ( c )    an award of costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    ( d )    such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, Mr. McKinney demands a trial by jury.

                                  Respectfully submitted,

                                  s/ David L. Doughten

                                  David L. Doughten (Ohio Reg. 0002847)
                                  Attorney at Law
                                  4403 St. Clair Avenue
                                  Cleveland, OH 44103
                                  Telephone:   216-361-1112
                                  Fax: 216-881-3928

                                  *Counsel for Terrence McKinney*

Institution/Region Grievance# __4020364__     Date Received __10/20/04__
Office of the Chief Inspector # _____   Date Received _____

# YOUTH GRIEVANCE FORM

**Name:** Terrence M'King      **DYS#** 205-836
**Institution/Region:** Mayfct    **Date:** 10/16/04
**Cottage Assignment:** 5-B

**Step One:** **Describe what took place: (Be Specific)**
see statement
_____
_____
_____
_____
_____

**Step Two:** **Have you attempted to resolve your grievance informally (orally)?**
___ Yes  √ No  With whom: _____ Date: _____

**Step Three:** **Have you made a Department Staff aware of this problem?**
√ Yes ___ No  Name of Staff: Ms. M\_  Date: 10/16/04
Staff Response: to write a grievance.
_____

Signature: _____

Did you agree with Department Staff Response: Yes √ No ___
Youth Signature: Terrence M'King   Date: 10/16/04

**Note:** If you agree with Department Staff Response, place grievance in box. If Not, continue to fill out grievance.

**Step Four:** **How would you like to see this grievance resolved?**
in court
_____

(Place Grievance in designated locked box at this time)

**Note:** Youth will receive a copy of his grievance from the Grievance Committee

**Step Five:** Grievance Committee Reviews Grievance Form.
Grievance Committee's recommendation:

BASED ON the FINDINGS OF the INVESTIGATION (FACT FINDING Committee) the ALLEGATIONS ARE FOUNDED. AS A RESULT OF the FINDINGS the APPROPRIATE ACTIONS WILL BE TAKEN.

**Step Six:** Decision of Superintendent / Regional Administrator:
✓ Granted ____ Denied ____ Other

Concur with Findings of Investigation

Superintendent / Regional Administrator's
Signature: N. Nibb (J.P.)   Date: 11-2-04

**Step Seven** Youth Signature: [signature]   Date: 11/3/04
Superintendent / Regional Administrator's
Decision Accepted:  Yes ____   No ✓

If decision is not accepted, date grievance sent to Chief
Inspector's Office: 11/3/04

Reason for Appeal: I don't feel anything has been taking place. I want to know what action taking

Chief Inspector's Decision: _____

Chief Inspector's Signature: _____   Date: _____

Chief Inspector's Address: 51 North High Street, Columbus, Ohio 43215

# DEPARTMENT OF YOUTH SERVICES

## STATEMENT FORM

I, Terrence McKinney, hereby make this voluntary statement to grievance committee / Mr. Miles at 10/14/04 around 10:20:30 I was in my room when I ask (JCO Smith) to use the restroom he said No until the other youth stop talking. I said thats fucked up then I asked the other youth to stop talking so I could use the restroom then they stoped talking, then I asked again he said are But he let someone else at, I asked whats up with me going to the restroom he said that if I keep hollering at my door that I aint never going to go then I Terrence McKinney said thats fucked up then (JCO Smith) said that I ain't never going to the restroom. Then I started to kick my door wanting to get out. then other youth started to kick there door then somebody door came open then they ran out staff pull a code staff then came and took the youth away. then came to my room Terrence McKinney. I didnot do anything for them to come in my room to touch me at all then they tryed to restrained me but in the process one of the staff I cain't remember who But he got hold of my neck and choak me out

Signature: Terrence McKinney   Title: _____
Witness: _____   Date: _____   Page ___ of ___

# DEPARTMENT OF YOUTH SERVICES
## STATEMENT FORM

I, Terrence McKinney, hereby make this voluntary statement to Hills / grievance Committee at 10/14/04

Until I Terrence McKinney was sleep I was sleep then I woke up then right back to sleep because he still had a hold on my neck I can't remember nothin other that. I Also was Hit in the eye. And on other occasion we have to pee in gloves.

Signature: Terrence McKinney     Title: _____

Witness: _____     Date: _____     Page ___ of ___



# OHIO DEPARTMENT OF YOUTH SERVICES

- Geno Natalucci-Persichetti, Director
Marion Juvenile Correctional Facility
Norm Hills, Superintendent
332 Marion – Williamsport Rd.
Marion, OH  43302
Telephone: 740/223-2400
Fax: 740/223-2522
http://www.state.oh.us/dys

## Youth Grievance Tracking/Response

**Date Grievance Received:** 10-20-04

**Grievance Information:**
Grievance #: 4020364
Youth Involved: Terrance McKinney     Youth #: 205836     Unit: 2D
Brief Description of Grievance Issue(s): Youth was not permitted to use the restroom and was injured by staff trying to go to the restroom

**Was Grievance Informally Resolved?**
☒ Yes - Logged Date: 10/21/04 Youth Signed and Received Copy (Date): 10/21/04 **END**
☐ No –
   Is the complaint regarding imposed discipline?
      ☐ Yes –   Youth informed of discipline appeal process.
                Comments:
                Youth Signed and Received Copy (Date):          **END**
      ☐ No –   **CONTINUE**

**Date Grievance Logged/Issued for Initial Investigation: 10/20/04**
**Assigned Area Supervisor: Brian Lane**

**Area Supervisor Investigation**
Area Supervisor Completed Initial Investigation and Returned Findings to Youth Grievance Coordinator (Date): **10/21/04**
Area Supervisor Findings: **Issues is under investigation**
Recommended Resolution: Wait to the finding of the fact finding

**Is this an Immediate Response Grievance?**
   ☐ Yes –   Forward to Superintendent For Decision (Response back to Youth in 48 hours) – Grievance: ☐ Granted ☐ Denied
             Comments:
             Youth Signed and Received Copy (Date):          **END**
   ☐ No –   **CONTINUE TO COMMITTEE**

**Committee Review:**
Committee Meeting Date:          Committee Recommendation:
Forward to Superintendent For Decision (date):
Grievance: ☐ Granted ☐ Denied Comments:
Youth Signed and Received Copy (Date):          **END**

_Terrance McKinney_          _[signature]_  10/31/04
**Youth Signature**   **Date**         **Staff Signature**   **Date**

_____M. Nebb/J.D_____  
**Superintendent Signature**

_____10-21-04_____  
**Date**

4990060

12/15/04

Chief Inspector
51 North High St
Cols, OH 43215

Dear Chief Inspector:

In October I filed a grievance about being choked out by a JCO at Marion. At the time I was on 5b. There were many other JCO's who physically assaulted me. I have not received a response to that grievance that satisfies me. Mr. Rollins brought the greivance form back to me and I signed that I did not agree with the results. Enclosed please find my grievance and statement. Please consider this letter an appeal of the grievance.

Sincerely, Fenney McKinney
#205-836
Marion

RECEIVED

DEPT. YOUTH SERVICES
LEGAL DIVISION



# OHIO DEPARTMENT OF YOUTH SERVICES

• Bob Taft, Governor  • Maureen O'Connor, Lt.Gov.
• Thomas Stickrath, Director
51 N. High St.
Columbus, Ohio 43215-3098
(614)-728-6968
http://www.state.oh.us/dys

**January 4, 2005**

**Youth Terrence McKinney**
**DYS#205836**
**Marion Juvenile Correctional Facility**
**332 Marion Williamsport Road**
**Marion, OH 43302**

RE: Grievance #4990060

Dear Youth McKinney,

I received your grievance on December 21, 2004. I have reviewed the Fact Finding Panel's investigation into this matter, as well as the Superintendent's findings. I agree with the investigative findings and can tell you that appropriate corrective action has been taken in regards to the employees' behavior. It is not the policy of the Chief Inspector's Office to discuss employee discipline with inmates.

I hope that this helps answer your questions and concerns. Thank you for using the grievance process as a means of handling your concerns.

Sincerely,


Don Whipple
Chief Inspector

CC:   Superintendent
      File

Revised 9/99
4990060